

July 29, 2026

**VIA CM/ECF**

The Honorable Anastasia Dubrovsky
Clerk, United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Suite 2500
Boston, MA  02210

Re:  *Morillo* v. *United States*, No. 25-2027 (1st Cir.)
Argued July 28, 2026 (Gelpí, Thompson & Dunlap, JJ.)

Dear Ms. Dubrovsky:

The government submits this letter in further response to two matters that were discussed during yesterday's oral argument.

1. *Viable Defense*. The district court found that Morillo might have been able to present a coercion or duress defense at trial for purposes of showing prejudice under *Lee* v. *United States*, 582 U.S. 357, 366-367 (2017), but those defenses were not "viable" because Morillo had a reasonable alternative available to violating the law: she could have contacted the police.  Op. Br. 51-52; Reply Br. 12-14.  Morillo's answering brief did not dispute our position, but during oral argument, counsel maintained that Morillo could have presented a different defense at trial, one based on a lack of mens rea.  This mens-rea argument is waived, however, because it was not addressed in Morillo's answering brief.  See *United States* v. *Pizarro-Berrios*, 448 F.3d 1, 5-6 (1st Cir. 2006) (absent exceptional circumstances, arguments not raised in a party's primary brief cannot be raised at oral argument and are considered waived). This defense was not viable in any event given the overwhelming evidence—including multiple recorded phone calls (PSR paras. 13-15) and Morillo's post-arrest admissions to police (PSR para. 17)—establishing that Morillo plainly knew, and intended, to distribute illegal drugs.

2. *The Equities.* The government asserted that the district court's equitable analysis was flawed because the court failed to consider certain countervailing considerations identified in *Aceituno* v. *United States*, 132 F.4th 563, 571-572 (1st Cir. 2025). Op. Br. 55-59; Reply Br. 17-21. At oral argument, Morillo's counsel did not claim that the district court did consider these factors, but instead argued that the government waived this argument by not presenting it below. That is incorrect: the government's written opposition to Morillo's coram nobis petition relied on *Aceituno* and advanced the same arguments why relief was not warranted that we presented in our appellate briefs. Doc. 268, at 8-9 (citing *Aceituno* and arguing that the equities did not warrant relief). There was no waiver.

Respectfully submitted,

/s *Michael A. Rotker*

_____

Michael A. Rotker